## SUPREME COURT.

### BATTERSHALL agt. DAVIS.

Where a *junior mortgagee* bids off the mortgaged premises on the foreclosure and sale of a prior mortgage, the court will not order the sheriff to give *a deed to the purchaser* until the *whole* of the purchase money has been paid in, although a portion of the money which is not paid in may belong to the purchaser as *surplus money*, and have to be shortly returned to him.

The court, in such cases, will not depart from the customary modes of procedure, and especially where such departure tends to infringe on the general rules of the court.

*New York General Term, November,* 1861.

CLERKE, LEONARD and BARNARD, *Justices.*

By the court, BARNARD, Justice. In this case plaintiff obtained a judgment of foreclosure and sale upon a third mortgage held by him, from which an appeal was taken.

The amount due plaintiff is $2,215.70.

Pending that appeal the property was sold under a judgment of foreclosure and sale upon a second mortgage for $1,100, held by Henrietta Jaques. At this sale plaintiff bid off the property for $2,450, subject to a first mortgage, and has paid as near as the petition shows, $1,169.95, and costs $45. There are taxes to be paid, amounting to $659. 23, thus leaving a suplus of $575.32. The plaintiff moves for an order directing the sheriff to deliver the deed in the above sale to him, without receiving the balance of the surplus moneys.

The only possible suggestion for making this application is to save the inconvenience of compelling a party to pay in money which is to be shortly after repaid to him.

This does not, in my opinion, afford a sufficient ground for departing from the ordinary practice. In a perfectly clear case of title to the money, where the amount is very trifling, say not over $50, the court might perhaps be induced to grant an order in some respects similar to the one asked for in this case.

In this case, however, in addition to the sum being $575, there are more parties defendant to the foreclosure action on the second mortgage, than to the foreclosure action on the third mortgage. These additional parties are, by the judgment in the action on the second mortgage, cut off from their lien on the land, and for aught that appears they may have liens on this surplus superior to this applicant. I do not overlook the fact that the applicant swears that his lien is next in order to the second mortgage. But this application is made without notice to the parties to the action on the second mortgage, and therefore no order should be made on, as to them, an *ex parte* statement which could possibly affect their rights.

Rule 76 provides that on filing the report of sale any party to the suit or any person who had a lien on the mortgaged premises at the time of the sale, may take proceedings to obtain the surplus, and provides for the notifying of every party who has appeared in the cause or who has filed a notice of claim with the county clerk, to attend on such proceedings.

The additional defendants above referred to, and other parties also, may be waiting the filing of report of sale, to claim the surplus money as against the present applicant, and take proceedings under rule 76.

I am opposed to departing from the customary modes of procedure, and especially where such departure tends to infringe on the general rules of the court.

Motion must be denied; and as costs were asked for against the sheriff, which could not in any event have been granted, it must be denied with $10 costs.